ROBERTSON, Presiding Judge.
Lawler and Company is a land surveying company which operates an office in Thomasville, Alabama. The manager of that office is Larry Baker. The appellees, Lullene Hare and Myra Hare, hired Lawler and Company to resolve a controversy concerning the ownership of a small piece of land that had been clearcut by a neighbor.
The evidence reflects that Myra Hare called Mr. Baker, who did an extensive survey and then sent the Hares a bill for over $5,000. The Hares refused to pay the bill, and Lawler and Company filed its complaint against them.
*388 The Hares denied that they were obligated to pay Lawler and Company the $5,000 because Mr. Baker is not a licensed survey- or.
Following the entry of an order in favor of the Hares in district court, Lawler and Company appealed to circuit court. The circuit court then received ore tenus evidence, after which it found:
“Larry Baker was not a licensed survey- or and further ... the plaintiff, Lawler and Company, did not provide the appropriate direction and supervision that is contemplated by Alabama law.
“Based on the foregoing, the court would ordinarily find in favor of the defendant and not require the payment of any of the plaintiffs claim. However, the defendant, Myra Jean Hare, testified that the defendants owed the plaintiff some money. Therefore, the Court finds in favor of the plaintiff and awards a sum of $1,128, based on testimony as to the hourly rate earned by Mr. Baker and his crew.”
Lawler and Company appeals, asserting that the Hares are obligated to pay their indebtedness to Lawler and Company, based on Lawler and Company’s contention that Mr. Baker did only the physical work and that W.J. Lawler, a licensed surveyor, properly supervised and did the technical work on the survey.
Chapter 11 of Title 34, Code 1975, deals with the professions of engineering and land surveying and regulates who may engage in these professions. In general, only registered land surveyors may perform land surveys. However, pursuant to § 34-11-14(2), Code 1975, there is a limited exception to the registration required of persons who engage in land surveying. Specifically, the nonregistered employee of a registered land surveyor may engage in such work if it “is done under the responsibility and supervision” of the registered surveyor. § 34-11-14(2), Code 1975.
In this case, the trial court determined that Lawler failed to provide the appropriate direction and supervision for Mr. Baker. Mr. Baker testified that he and his crew did the survey and plat for the Hares. Lawler testified that he never visited the property and was not even in Alabama when the survey was completed.
However, Lawler also testified that he signed and certified the plat. He further testified that he and Mr. Baker went over Mr. Baker’s field notes concerning the survey and that they resized the section.
When a trial court hears evidence ore tenus, a presumption of correctness attaches to its judgment, and we will not reverse it on appeal unless the judgment is palpably wrong or manifestly unjust. Thomas v. Williams, 565 So.2d 264, 265 (Ala.1990). Further, when a trial court hears conflicting testimony and then enters its findings of fact, those findings are presumed correct and will not be disturbed on appeal unless they are palpably wrong. Gulledge v. Frosty Lands Food International, Inc., 414 So.2d 60 (Ala.1982).
In view of the fact that Mr. Baker actually performed the survey and that Lawler never visited the property, we cannot say that the trial court erred in determining that the requisite supervision was not present in this case.
AFFIRMED.
THIGPEN, J., concurs.
RUSSELL, J., dissents.